UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GOLD'N PLUMP FARMS LIMITED PARTNERSHIP, LLP,<br><br>              Plaintiff,<br><br>v.<br><br>WENDA AMERICA, INC.,<br><br>              Defendant;<br><br>and<br><br>WENDA AMERICA, INC.,<br><br>              Third-Party Plaintiff,<br><br>v.<br><br>GOLD'N PLUMP POULTRY, INC.,<br><br>              Third-Party Defendant. | Civil No. 12-3198 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ON PARTIAL MOTION TO DISMISS** |

    Lauren E. Lonergan, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for plaintiff and third-party defendant.

    Norman J. Baer and Brooke D. Anthony, **ANTHONY OSTLUND BAER & LOUWAGIE PA**, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402, for defendant and third-party plaintiff.

This case arises from the alleged accidental shipment of an unapproved processing ingredient to a poultry company, which resulted in the United States Department of Agriculture ("USDA") requiring the company to destroy some of its poultry. The present motion pits defendant and third-party plaintiff Wenda America, Inc., ("Wenda"), who shipped the ingredient, against third-party defendant Gold'n Plump Poultry, Inc. ("GNP Poultry"), who processed some poultry with the ingredient before sending the poultry to

its corporate affiliate for sale to the public. GNP Poultry's corporate affiliate is plaintiff Gold'n Plump Farms Limited Partnership, LLP ("GNP Farms"). Wenda moves pursuant to Federal Rules of Civil Procedure 12(b)(1), (6), and (7) to dismiss five of GNP Poultry's six counterclaims, each of which seeks a declaratory judgment relating to the underlying contractual relationship between GNP Poultry and Wenda. Because the Court finds that the declaratory judgment counterclaims are not ripe and will not serve a useful purpose in this action, the Court will grant Wenda's motion to dismiss.

## BACKGROUND

### I. UNDERLYING FACTS

GNP Poultry buys ingredients from Wenda and processes poultry with those ingredients. (Answer to Third-Party Compl. and Countercls. ("Countercls.") ¶¶ 4, 11, Feb. 8, 2013, Docket No. 10.) GNP Poultry's corporate affiliate, GNP Farms, then sells the poultry to the public. (*Id.* ¶¶ 11-12.)

The present controversy arose when GNP Poultry ordered a large amount of a USDA-approved ingredient, WendaPhos 600, from Wenda, (*id.* ¶ 20), and a portion of Wenda's shipment to GNP Poultry was accidentally a different ingredient, WendaPhos F1, which is not approved by the USDA, (*id.* ¶¶ 25-26). The mistake allegedly occurred at Wenda's distribution center, Midwest Warehouse & Distribution System ("Midwest"). (Third-Party Compl. ¶¶ 10, 18, Jan. 17, 2013, Docket No. 7.) GNP Poultry did not learn of the error until it had used the WendaPhos F1 to process thousands of pounds of poultry, labeled that poultry as if it had been processed with WendaPhos 600, and

shipped the poultry to GNP Farms. (Countercls. ¶¶ 33-34.) The USDA later required GNP Farms to destroy the misbranded poultry. (*Id.* ¶ 36.)

The contractual relationship between GNP Poultry and Wenda appears to consist of the Purchase Order GNP Poultry sent to Wenda and various writings that accompanied Wenda's shipments to GNP Poultry, including bills of lading, sales orders, and Certificates of Analysis ("COA"). (*See* Countercls. ¶¶ 20-24.) The COAs certified that the product delivered was part of the Purchase Order and contained the requisite components of WendaPhos 600. (*Id.* ¶ 24.) The Purchase Order includes an indemnification clause stating that "Seller [Wenda] agrees to indemnify and save harmless Purchaser [GNP Poultry] . . . from and against any and all liability . . . of whatsoever nature . . . arising out of . . . any claim or any suit for damages . . . arising out of or in connection with any act or omission, negligent or otherwise, of Seller." (*Id.* ¶ 83.) The same clause also provides that GNP Poultry may retain any money due to Wenda until claims or suits arising out of Wenda's performance of the contract "have been settled." (*Id.*)

## II. THE COMPLAINT

On November 29, 2012, GNP Farms and GNP Poultry filed a five-count complaint against Wenda, alleging breach of contract, breach of three warranties (express warranty, implied warranty of merchantability, implied warranty of fitness for a particular purpose), and negligence. (Notice of Removal, Ex. 1, Dec. 28, 2012, Docket No. 1.) On January 3, 2013, GNP Farms as the sole plaintiff filed an amended complaint against Wenda. (Am.

Compl., Jan. 3, 2013, Docket No. 4.)   GNP Farms proceeds on the contract and warranty claims as third-party beneficiary to the contract between Wenda and GNP Poultry.  (Am. Compl. ¶¶ 40-71.)

### III.   WENDA'S THIRD-PARTY COMPLAINT

Wenda answered GNP Farms' complaint, denying liability, and also brought a third-party complaint with three counts against GNP Poultry.   (Third Party Compl., Jan. 17, 2013, Docket No. 7.)  The first count is breach of contract, alleging that GNP Poultry has not paid for any portion of the order of WendaPhos 600 that is at the heart of the controversy.  (*Id.* ¶¶ 26-34.)  The second count is also for breach of contract, alleging that GNP Poultry made a separate order for WendaPhos F1and is not accepting delivery of it or paying for it.  (*Id.* ¶¶ 35-43.)  The third count is for "contribution," alleging that GNP Poultry exhibited gross negligence in processing poultry with the erroneously shipped WendaPhos F1, that GNP Poultry's conduct was "an intervening and superseding cause of any damage to GNP Farms," and claiming that if a jury finds that Wenda is liable for GNP Farms' damages, GNP Poultry is liable to Wenda for that amount.  (*Id.* ¶¶ 44-49.)

### IV.   GNP POULTRY'S COUNTERCLAIMS

In response to the third-party complaint, GNP Poultry denied liability, raised affirmative defenses, and asserted six counterclaims against Wenda.  One of GNP Poultry's affirmative defenses is that "Wenda's claims are barred by the indemnity agreement between Wenda and GNP Poultry." (Countercls. at 7, ¶ 11.)  GNP Poultry

also asserts as affirmative defenses that Wenda's claims are barred by its breach of contract and breach of warranties. (*Id.* at 6, ¶¶ 5-6.)

Five of GNP Poultry's six counterclaims are the subject of the present motion to dismiss. (*Id.* ¶¶ 38-96.) Count One seeks a declaratory judgment that Wenda breached its contractual obligations to GNP Poultry by including WendaPhos F1 in the WendaPhos 600 shipment. (*Id.* ¶ 41.) Counts Two, Three, and Four seek declaratory judgments that Wenda breached an express warranty, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose with its shipment that included WendaPhos F1. (*Id.* ¶¶ 48-81.) These first four counterclaims mirror GNP Farms' claims against Wenda that appeared in the initial complaint. Count Five seeks a declaratory judgment that "Wenda is contractually obligated to indemnify GNP Poultry for any claim or suit brought by GNP Farms in connection with Wenda's erroneous delivery of WendaPhos F1." (*Id.* ¶ 90.) As to damages, the five declaratory judgment counterclaims all state that "[i]f, for some reason, GNP Farms is unable to recover from Wenda, GNP Farms may seek to recover contract damages from GNP Poultry. In that event, GNP Poultry will suffer damages." (*Id.* ¶¶ 45, 55, 66, 79, 86.)[1]

---

[1] GNP Poultry's sixth counterclaim, which Wenda does not move to dismiss, is labeled "contractual indemnity" and asserts that Wenda's contribution claim against GNP Poultry falls within the scope of the indemnification provision of GNP Poultry's contract with Wenda. (Countercls. ¶¶ 93, 95.) While Count Five seeks a declaration that Wenda would owe indemnification to GNP Poultry for any liability GNP Poultry faced in a future suit brought by GNP Farms, Count Six contends that Wenda owes indemnification to GNP Poultry for any liability GNP Poultry might face from Wenda's current contribution claim.

## V.     SUBSEQUENT DEVELOPMENTS

Approximately two months after the Court heard oral argument on Wenda's motion to dismiss, GNP Poultry sent a letter to the Court presenting an agreement that it had entered into with GNP Farms. (Letter to District Judge, July 23, 2013, Docket No. 34.) Under the agreement, GNP Poultry agrees to pay any damages GNP Farms is found to have suffered, minus any amount GNP Farms recovers from Wenda or any other third party. (*Id.*, Ex. 1 at 3.) Thus, if GNP Farms recovers all of its losses from Wenda or another party, GNP Poultry will owe GNP Farms nothing. But if GNP Farms does not recover fully in the present action, GNP Poultry would be obligated to pay the remainder pursuant to its voluntary agreement, if the agreement is enforceable.

After Wenda's motion to dismiss was taken under advisement, GNP Poultry also moved to amend its counterclaims. (Mot. to Amend, Aug. 13, 2013, Docket No. 38.) The proposed amendments to the declaratory judgment counterclaims are insubstantial and have no impact on the outcome of this motion. (*See* Decl. of Maren F. Grier, Ex. B at 17-25, Aug. 13, 2013, Docket No. 41.) In addition to attempting to retain the declaratory judgment counterclaims, GNP Poultry's proposed amended counterclaims assert, as direct claims, the breach of contract and breach of warranty claims that appear in GNP Farms' complaint and are the subject of GNP Poultry's declaratory judgment counterclaims. (*See id.* at 27-31.) GNP Poultry also brings a motion seeking to add Midwest as a defendant and fourth-party defendant. (Mot. to Amend, Aug. 16, 2013, Docket No. 49.) A hearing on GNP Poultry's motion to amend was scheduled before

United States Magistrate Judge Leo I. Brisbois on September 12, 2013. (Am. Notice of Hr'g on Mot., Aug. 26, 2013, Docket No. 57.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Reviewing a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the claim as true, and construes the pleadings in a light most favorable to the non-moving party. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594-95 (8th Cir. 2009). To avoid dismissal, a claim must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the Court's review is generally limited to the pleadings, some matters that are part of the public record, and any documents attached as exhibits that are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction. *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). The non-moving party must prove the existence of jurisdiction by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). In considering such a motion, the Court construes the factual allegations in the pleadings as true and views them in the light most favorable to the non-moving party. *Hastings*, 516 F.3d at 1058.

## II. WENDA'S MOTION TO DISMISS

The primary basis on which Wenda moves to dismiss Counts One through Five of GNP Poultry's counterclaims is that they are not ripe.[2]  "The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005).  Under Article III, § 2, of the Constitution, federal courts cannot exercise judicial power unless there is an actual case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).  An opinion by the Court in the absence of an actual case or controversy would amount to an impermissible advisory opinion. *Pub. Water*, 401 F.3d at 932.

"The ripeness doctrine applies to declaratory judgment actions." *Id.*; *see also* 28 U.S.C. § 2201(a) (limiting the Declaratory Judgment Act to cases "of actual controversy").  In that context, the Eighth Circuit has explained that "[b]efore a claim is ripe for adjudication . . . the plaintiff must face an injury that is '**certainly impending**.'" *Pub. Water*, 401 F.3d at 932 (emphasis added) (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks

---

[2] Wenda also moved to dismiss on the grounds that GNP Poultry's pleading did not satisfy Rule 12(b)(6) and that GNP Farms is an indispensable party that must be added as a counterclaim defendant.  The Court will not address these issues because it resolves the motion on other grounds.

omitted). Whether a declaratory judgment claim is ripe "is a question of degree." *Pub. Water*, 401 F.3d at 932.

Here, the Court finds that GNP Poultry's declaratory judgment counterclaims are not ripe because GNP Poultry's potential damages are speculative and contingent, as opposed to certainly impending. By the terms of GNP Poultry's pleading, GNP Poultry will face damages only if GNP Farms does not recover its losses from Wenda in the present action, then decides to sue GNP Poultry, and then wins that second, hypothetical lawsuit. (*See, e.g.*, Countercls. ¶ 45 ("If, for some reason, GNP Farms is unable to recover from Wenda, GNP Farms may seek to recover contract damages from GNP Poultry. In that event, GNP Poultry will suffer damages . . . ."). GNP Poultry does not propose any substantive changes to its declaratory judgment counterclaims in its motion to amend. Even if the Court considers the fact that GNP Poultry has now voluntarily agreed to pay GNP Farms any amount that GNP Farms does not recover from Wenda or a third party, it would not change the fact that there is a possibility GNP Poultry will never pay anything to GNP Farms, depending on the outcome of the present action. Because GNP Poultry's purported injury may never come to fruition, the Court finds that it is not certainly impending and the declaratory judgment claims are not ripe.[3]

---

[3] GNP Poultry's assertion that declaratory judgments relating to contracts may be granted before a breach even occurs, while accurate, is unavailing. *See Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081-82 (8th Cir. 2012). A party that is contemplating taking action that may amount to a costly breach is sometimes entitled to a preemptive declaration that such action is not a breach. *See id.* The injury in such a case is certainly impending if, for example, the party intends to take the action and knows that litigation will be inevitable if it does so. *Id.* at 1082. The present case is distinguishable; however. Here, GNP Poultry seeks a declaration that a breach has already occurred despite the fact that it may never be injured by the alleged breach.

Further, the Declaratory Judgment Act gives the Court discretion to make a declaration of rights, but it does not impose a duty to do so. *Alsager v. Dist. Court of Polk Cnty., Iowa (Juvenile Div.)*, 518 F.2d 1160, 1163 (8th Cir. 1975). In addition to considering the ripeness of the claim, the Court's discretion is guided by considering whether declaratory relief "will serve a useful purpose in clarifying and settling the legal relations in issue." *Id.* (internal quotation marks omitted). Here, the Court finds that allowing GNP Poultry's declaratory judgment claims to proceed will not usefully advance the litigation.

GNP Poultry's five requests for declaratory relief that are the subject of the instant motion to dismiss are also raised by GNP Poultry as affirmative defenses. GNP Poultry asserts as affirmative defenses that Wenda breached the contract, breached the warranties, and owes GNP Poultry contractual indemnification. (*See* Countercls. at 6-7, ¶¶ 4, 5, 11.) GNP Poultry's declaratory judgment counterclaims similarly seek declarations that Wenda breached its contract, breached its warranties, and owes GNP Poultry indemnification. Courts routinely exercise their discretion to prohibit claims for declaratory relief that are duplicative of a party's affirmative defenses. *See, e.g.*, *Ticketmaster L.L.C. v. RMG Techs., Inc.*, 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008) ("[Defendant] can and has asserted copyright misuse as an affirmative defense, and whatever benefit the theory of copyright misuse may afford [Defendant] can be fully realized in this context. . . . [T]he presence of a declaratory relief claim for copyright misuse here would be duplicative, and a needless waste of judicial resources."); *Penn Mut. Life Ins. Co. v. GreatBanc Trust Co.*, No. 09 C 6129, 2010 WL 2928054, at *5

(N.D. Ill. July 21, 2010) (dismissing a party's counterclaims for declaratory relief that "mirror its affirmative defenses").

In the Court's view, the pleadings in the present action have spiraled out of control. For example, whether Wenda breached its contract with GNP Poultry is raised as (1) a direct claim in GNP Farms' complaint; (2) an affirmative defense in GNP Poultry's answer and counterclaims; (3) a claim for declaratory relief in GNP Poultry's counterclaims; and (4) a direct claim in GNP Poultry's proposed amended counterclaims. The result is unmanageable and unnecessary. To the extent that it may be beneficial to GNP Poultry to prove that Wenda breached the contract, breached the three warranties, and owes GNP Poultry indemnification, the Court finds that GNP Poultry has ample opportunity to obtain those benefits through its affirmative defenses[4] and Count Six of its counterclaims (which is not subject to the present motion to dismiss).[5] For these reasons, the Court will grant Wenda's motion to dismiss GNP Poultry's declaratory judgment counterclaims.

---

[4] At oral argument, GNP Poultry suggested that it had to raise the breach of contract as a counterclaim, rather than an affirmative defense, in order to seek a deduction from the contract's purchase price under the Uniform Commercial Code. *See* Minn. Stat. § 336.2-717 ("The buyer on notifying the seller of an intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."). Without commenting on whether GNP Poultry will actually be entitled to the benefits of this provision, the Court notes that nothing in this provision prohibits a party from raising and proving its entitlement to the deduction as part of an affirmative defense.

[5] The Court also notes that GNP Poultry has proposed several additional counterclaims that are not fashioned as requests for declaratory judgments. Those proposed counterclaims are the subject of a pending motion to amend that will be decided by the Magistrate Judge. The present memorandum opinion makes no comment on the merits of the motion to amend.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that** Wenda's Motion to Dismiss Counts I through V of GNP Poultry's counterclaims [Docket No. 12] is **GRANTED**.  Counts I through V of GNP Poultry's counterclaims are **DISMISSED WITH PREJUDICE**.

DATED:  September 19, 2013             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                                   United States District Judge